## UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF FLORIDA
(Orlando Division)

| | |
|---|---|
| **UNITED STATES OF AMERICA FOR THE USE OF DRILL TECH DRILLING & SHORING, INC.**, a California corporation,<br><br>　　　Plaintiff,<br><br>v.<br><br>**WESTERN SURETY COMPANY**, a South Dakota corporation,<br><br>and<br><br>**DAVID BOLAND, INC.**, a Florida Corporation<br><br>　　　Defendants. | Case No. _____ |

### COMPLAINT

Plaintiff, UNITED STATES OF AMERICA *f/b/o* DRILL TECH DRILLING & SHORING, INC. ("Drill Tech" or "Plaintiff"), sues Defendants WESTERN SURETY COMPANY ("Western Surety" or the "Surety") and DAVID BOLAND, INC. ("Boland" or the "General Contractor"), and states as follows:

### PARTIES, JURISDICTION, AND VENUE

1.　　Drill Tech is a California corporation and a geotechnical construction contractor, with its principal office and place of business located at 2200 Wymore Way, Antioch, California 94509-8548.

1

2.      Defendant Western Surety is a corporation organized and existing under the laws of the State of South Dakota, authorized to engage in the business of executing surety bonds, with a business address of 151 N. Franklin Street, Chicago, Illinois 60606.

3.      Defendant Boland is a corporation organized and existing under the laws of the State of Florida, with its principal office and place of business located at 219 Indian River Avenue, Suite 201, Titusville, Florida 32796.

4.      This action arises, and this Court has jurisdiction, under the Miller Act, 40 U.S.C. §§ 3131 to 3134.

5.      Venue is proper in the Middle District of Florida, Orlando Division, because Paragraph 33 of the Subcontract provides that "the exclusive jurisdiction and venue for any legal action arising out of or related to this Subcontract Agreement or the Miller Act bond provided by Contractor shall be in the United States District Court, Middle District of Florida, Orlando Division or a Florida state court of competent jurisdiction located in Orlando, Florida."

## STATEMENT  OF THE CLAIM

6.      On or about September 28, 2023, Boland entered into Contract No. W912PM-23-C-0020 ("Prime Contract") with the United States of America, acting by and through the U.S. Army Corps of Engineers, Wilmington District ("Government"), for the performance of a project known as Landslide Mitigation Slope Stabilization, Philpott Dam, Henry County, Virginia ("Project").

2

7.     Drill Tech does not possess a copy of the Prime Contract, but alleges that Boland and/or Surety have a true and complete copy of the same in their possession, custody, or control.

8.     As required by the Miller Act, 40 U.S.C. § 3131(b)(2), Boland, as principal, and Western Surety, as surety, executed and delivered to the United States a payment bond dated October 3, 2023, Bond No. 30197713, in the penal sum of $19,734,579.00 ("Payment Bond"), for the protection of all persons supplying labor and material in carrying out the work provided for in the Prime Contract. A true and correct copy of the Payment Bond is attached to this Complaint as **Exhibit A** and incorporated herein by reference.

9.     On or about December 13, 2023, Boland, as contractor, and Drill Tech, as subcontractor, entered into Subcontract No. 229S002 ("Subcontract"), pursuant to which Drill Tech agreed to furnish the labor, materials, and equipment necessary to construct the secant pile wall and related ground-anchor work for the Project, including the primary and secondary secant piles and strand anchors, for an original subcontract price of $3,506,509.00. A true and correct copy of the Subcontract is attached to this Complaint as **Exhibit B** and incorporated herein by reference.

10.     Drill Tech thereafter furnished and installed the primary and secondary secant piles, strand anchors, and related work required by the Subcontract. All of the labor and material for which Drill Tech seeks recovery in this action were furnished in the prosecution of the work provided for in the Prime Contract and the Subcontract.

11.    The contract documents incorporated into the Subcontract, including Drawing Sheet C-202, represented the elevations at which "rock" and "solid rock" would be encountered at each pile location. The subsurface conditions Drill Tech actually encountered differed materially from the conditions represented in the contract documents. Among other things, solid rock was not encountered at the indicated elevations; the Government directed that numerous piles be extended below their design tip elevations; and the rock actually encountered was substantially harder and required substantially more time and effort to drill than the contract documents indicated.

12.    In addition, Boland and the Government directed Drill Tech to install temporary casing to depths beyond those required by the specifications and Drill Tech's approved work plan, and in August 2024 Boland suspended Drill Tech's drilling operations while that direction was disputed and clarified. These changed conditions and directives materially altered the character, duration, and cost of Drill Tech's work.

13.    Drill Tech provided Boland with timely written notice of the changed conditions and of its resulting claims for additional compensation, including by letters dated July 5, 2024, and August 13, 2024, a supplemental notice dated March 11, 2025, and Letter 23148-15 dated October 15, 2025, by which Drill Tech submitted a request for equitable adjustment.

14. Drill Tech performed its work in a good and workmanlike manner and in accordance with the Subcontract. Drill Tech last performed labor and supplied material for the Project on July 3, 2025.

15. Notwithstanding Drill Tech's performance and its repeated demands for payment, Drill Tech has not been paid the amounts due for the labor and material it furnished to the Project, including retention of $348,955.50 and compensation for the changed and additional work described above. The principal amount due and owing to Drill Tech is not less than $6,850,667.57, exclusive of interest.

16. This action is being commenced more than ninety (90) days, but no later than one year after the day on which the last of the labor was performed or material was supplied by Drill Tech for the Project.  This action is therefore timely under 40 U.S.C. § 3133(b).

## COUNT I
## MILLER ACT CLAIM
### (against Western Surety)

17. Drill Tech realleges and incorporates the allegations contained in Paragraphs 1 through 16 of this Complaint as though fully set forth herein.

18. Drill Tech performed labor and supplied materials and equipment to the Project as part of both the Prime Contract and the Subcontract.

19. Drill Tech performed such labor and supplied such materials and equipment in the good-faith belief that they were for the specific Project identified in the Prime Contract and the Subcontract.

20.    Drill Tech has not been fully paid for the labor performed and the materials and equipment furnished as of the date of this filing.

21.    All conditions precedent to the bringing and maintenance of this action have been performed, have occurred, or have been waived by the Defendants.

22.    Drill Tech has incurred damages of not less than $6,850,667.57 for the labor performed and the materials and equipment supplied to the Project, for which Drill Tech has not received payment, and Western Surety is liable for that sum under the Payment Bond and the Miller Act.

23.    Drill Tech has been required to retain the undersigned attorneys to prosecute this action and is entitled to recover its attorneys' fees and court costs from Western Surety pursuant to the Subcontract and applicable Florida law.

**WHEREFORE**, the United States of America, on behalf of and to the use of Drill Tech Drilling & Shoring, Inc., requests judgment against Defendant Western Surety Company as follows:

A.    For the sum of not less than $6,850,667.57, together with prejudgment interest at the legal rate on such amount as allowed by law until paid;

B.    For Drill Tech's attorneys' fees and the costs of this action; and

C.    For such other and further relief as the Court deems just and proper.

**COUNT II**
**<u>BREACH OF SUBCONTRACT</u>**
**(against Boland)**

24.    Drill Tech realleges and incorporates the allegations contained in Paragraphs 1 through 16 of this Complaint as though fully set forth herein.

6

25.    The Subcontract is a valid and enforceable contract between Drill Tech and Boland.

26.    Drill Tech performed, or substantially performed, all of its material obligations under the Subcontract, or was excused from performance.

27.    Boland materially breached the Subcontract by, among other things, failing and refusing to pay Drill Tech the amounts due for the labor, materials, and equipment furnished; failing to compensate Drill Tech for the changed and additional work and differing site conditions described above; and wrongfully withholding retention and other sums due to Drill Tech.

28.    As a direct and proximate result of Boland's breaches, Drill Tech has been damaged in the amount of not less than $6,850,667.57, exclusive of interest, attorneys' fees, and costs.

**WHEREFORE**, Drill Tech Drilling & Shoring, Inc. requests judgment against Defendant David Boland, Inc. as follows:

A.    For the sum of not less than $6,850,667.57, together with prejudgment interest at the legal rate on such amount as allowed by law until paid;

B.    For Drill Tech's attorneys' fees and the costs of this action; and

C.    For such other and further relief as the Court deems just and proper.

[signature page to follow]

Respectfully submitted,

Dated: July 3, 2026

/s/ *Roddy B. Lanigan*
Roddy B. Lanigan (Fla. Bar. No. 0041331)
Dumbarton Clyde, PLLC d/b/a Lanigan &
Associates
831 W. Morse Blvd.
Winter Park, Florida 32789
Phone: (407) 431-4073
Fax: (407) 740-6812
Email: Roddy@laniganassociates.com

*Counsel for Plaintiff, United States of America for the use of Drill Tech Drilling & Shoring, Inc.*